## In The United States District Court

## For The Eastern District Of Louisiana

| | |
|---|---|
| **Mark Cheneau, LaDon Cook,**<br>  **Kendell Esko, and**<br>  **Lawrence Williams**<br><br>       Plaintiffs<br>v.<br><br>**ACB Management Group, LLC,**<br>  **August Berry, and Milton Berry**<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. _____ |

## Complaint and Jury Demand

This is an action for unpaid wages and overtime brought under the Fair Labor Standards Act ("FLSA"). Plaintiffs Mark Cheneau, Lawrence Williams, Kendell Esko, and LaDan Cook, through undersigned counsel, hereby allege as follows:

### The Parties

1. Mark Cheneau is an individual of the full age of majority and resides within this District.

2. Lawrence Williams is an individual of the full age of majority and resides within this District.

3. Kendell Esko is an individual of the full age of majority and resides within this District.

4. LaDon Cook is an individual of the full age of majority and resides within this District.

5. Defendant ACB Management Group, LLC, is a Louisiana limited liability

company with its domicile address in Orleans Parish, Louisiana.

6. August Berry is an individual of the full age of majority and, on information and belief, resides within this District.

7. Milton Berry is an individual of the full age of majority and, on information and belief, resides within this District.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. ACB Management Group has its headquarters and principal place of business within this District, and a substantial part of the events or omissions giving rise to the claim occurred within this District. Venue is therefore proper in this Court.

10. Defendants' annual gross volume of sales made or business done has exceeded $500,000 for each year during the relevant time period.

11. Plaintiffs hereby request a trial by jury on all claims so triable.

## FACTUAL ALLEGATIONS

12. Defendants Milton Berry (father) and August Berry (son) own and operate ACB Management Group, LLC.

13. ACB Management Group's sole business is providing "hoppers" to work on garbage trucks owned by Metro Service Group, Inc.

14. "Hoppers" are the workers who ride on the back of garbage trucks and load trash into the trucks.

15. As of the date of this Complaint, Metro Service Group, Inc. has contracts both with the city of New Orleans, and with St. John the Baptist Parish, to provide garbage pickup services.

16. Plaintiffs are employed as hoppers, and primarily work on the St. John the Baptist routes. Plaintiffs may occasionally work a route in New Orleans, on a fill-in basis.

17. Plaintiffs are paid a day rate, currently $115 per day.

18. Plaintiffs work six days a week, and regularly work over forty hours per week even during a regular workweek.

19. When certain garbage trucks or crews are unavailable, Plaintiffs work additional routes on a fill-in basis, sometimes late into the night.

20. Plaintiffs do not receive an overtime premium no matter how many hours they work in a workweek.

21. Defendants do not provide Plaintiffs with timesheets to complete, or any other method for Plaintiffs to track their time.

22. On information and belief, Defendants submit invoices or other similar documents to Metro Service Group, which do contain a stated number of hours worked for each Plaintiff. Plaintiffs are not provided with copies of these documents.

23. Due to Defendants' failure to maintain accurate time records, Plaintiffs are entitled to prove their hours worked via just and reasonable inference.

### INDIVIDUAL LIABILITY

24. Both August Berry and Milton Berry exercise close, day-to-day control over the operations of ACB Management Group and its hoppers.

25. Milton Berry is a long-time operator in the garbage industry within the New Orleans region, and has been before this Court previously as the result of schemes to underpay hoppers.

26. In 2010 an unfair labor practice charge by the National Labor Relations Board alleged that Milton Berry, through the companies he owned and controlled, had failed to pay

contractually required wage increases to hoppers.

27.   On January 6, 2016, the U.S. Fifth Circuit affirmed the NLRB's charge and found Milton Berry personally liable, based on the failure to pay wages due and adhere to corporate formalities in the management and direction of the companies.  Milton Berry was ordered to pay over $220,000 in backpay, plus interest, to the hoppers.  *See NLRB v. M&B Servs., Inc., et al.*, No. 15-60783 (5th Cir.) (unpublished).

28.   Despite having been ordered to do so, Milton Berry failed to pay the hoppers their wages. His subsequent efforts before this Court to escape liability for the wages, interest and costs due proved unsuccessful.  *NLRB v. M&B Servs.*, No. 17-7347, 2017 U.S. Dist. LEXIS 133692 (E.D. La. Aug. 22, 2017) (North, M.J.) (entry of Default Contempt Adjudication).

29.   Shortly thereafter, ACB Management Group LLC was formed, apparently in an attempt to place August Berry as the titular head of a new organization to carry out the same type of operations as Milton Berry and the discredited Berry entities – but without Milton Berry's name included as managing member.

30.   Nevertheless, Milton Berry, along with August Berry, has retained a close degree of control over the hoppers throughout the relevant time period.

31.   Both Milton and August Berry regularly meet with hoppers to provide them with instruction or assignments, and both regularly meet with Metro Service Group supervisors and managers regarding the hoppers' work.

32.   Both Milton and August Berry have authority to hire or fire hoppers.

33.   Both Milton and August Berry have authority to set rates of pay, including the day rates at issue here.

34.   Both Milton and August Berry have authority to set conditions of employment and employee schedules, including (a) setting the time when the hoppers must arrive at the

pickup site, (b) what routes each hopper will be assigned to, (c) what truck each hopper will ride on, and (d) which hoppers (if any) will work extra or additional routes that day.

35. Both Milton and August Berry maintain employment and pay records for the hoppers, including invoices to Metro Service Group for the time worked by the hoppers.

36. Both Milton and August Berry are employers and/or joint employers with ACB Management Group, LLC of the plaintiffs.

## FIRST CAUSE OF ACTION
## UNPAID OVERTIME

37. Plaintiffs hereby reallege and reincorporate all paragraphs set forth above.

38. The Fair Labor Standards Act ("FLSA") requires that employers pay employees at least $7.25 per hour for all hours worked, up to forty hours in a workweek, and a time-and-a-half overtime premium for hours worked over forty. 29 U.S.C. §§ 206-207.

39. Defendants have underpaid overtime by refusing to pay Plaintiffs any overtime premium for hours worked past forty in a workweek.

40. As hoppers, Plaintiffs perform manual labor and do not qualify as overtime exempt pursuant to any exemption in 29 U.S.C. § 213.

41. Defendants' nonpayment of overtime is willful and not based in a good faith belief that their conduct was in accordance with the law.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered lost compensation for time worked over forty (40) hours per week, and hereby seek recovery of all such sums plus liquidated damages.

43. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully pray for judgment as follows:

a.  For an award of all unpaid wages and overtime according to proof;

b.  For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

c.  For an award of reasonable attorney's fees and costs of suit;

d.  For injunctive or equitable relief as provided by law;

e.  For pre and post-judgment interest to the extent provided by law; and

f.  For such other and further relief as may be just and proper.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

and

Robert B. Landry III (#18998)
rlandry@landryfirm.com
ROBERT B. LANDRY III, PLC
5420 Corporate Boulevard, Suite 303
Baton Rouge, Louisiana 70808
Telephone: (225) 349-7460
Facsimile: (225) 349-7466

*Attorneys for Plaintiffs*